IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ENRICO LEVY, Inmate #A-93734,**

    **Plaintiff,**

vs.   )   CIVIL NO. 09-cv-360-MJR

**WARDEN GATES, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, a prisoner at Menard Correctional Center (MCC), seeks to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915 (Doc. 9). Plaintiff also has moved for reconsideration of the dismissal of his complaint (Doc. 6).

With regard to his motion to proceed *in forma pauperis* on appeal (Doc. 9), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In the Seventh Circuit, a strike may be counted if any portion of an action is dismissed for these enumerated grounds. *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v.*

*Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

Plaintiff has had three or more prior prisoner actions dismissed, or partially dismissed, on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Levy v. State of Illinois Dept. Of Corrections*, No. 06-cv-7799 (N.D. Ill.); *Levy v. State of Illinois*, No. 96-cv-4705 (N.D. Ill.); *Levy v. Illinois Dept. Of Corrections*, No. 92-3336 (N.D. Ill.). Because Plaintiff has had three or more prior dismissals and is not under imminent danger of serious physical injury, his request to proceed *in forma pauperis* on appeal (Doc. 7) will be denied

With regard to his motion for reconsideration (Doc. 6), the Court notes that four days after filing his motion for reconsideration, Plaintiff filed his notice of appeal. Typically, the filing of a notice of appeal divests a district court of jurisdiction over a case. *See United States v. Vitek Supply Corp.*, 151 F.3d 580, 584 (7th Cir. 1998). But, assuming that the Court has jurisdiction to entertain the motion for reconsideration, the motion would still be denied.

A "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). If a motion challenging a judgment on the merits is served *after* the time for filing a Rule 59(e) motion - now 28 days after entry of the judgment, Fed. R. Civ. P. 59(e) - the motion is construed as a motion under Rule 60(b) *Id.*

The Order dismissing this case without prejudice was entered on December 9, 2009, but the instant motion was not filed until January 11, 2010, after the 28-day period expired. *See*

FED.R.CIV.P. 59(e).  Therefore, as a Rule 59(e) motion, the motion is time-barred.

Even if Plaintiff's Rule 59(e) motion was not time-barred,[1] however, the Court would deny Plaintiff's request for relief pursuant to Rule 59(e).  A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993). Upon review of the record, the Court remains persuaded that its ruling dismissing the complaint without prejudice because plaintiff could not proceed *in forma pauperis* was correct.

Construing the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,  Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect."  FED.R.CIV.P. 60(b)(1).  However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal.  *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule

---

[1] It is unclear when Plaintiff placed the instant motion in the prison mail because the certificate of service attached to the motion is not dated.

60(b)."). In this case, Plaintiff's assertion that the Court wrongly denied him leave to proceed *in forma pauperis* is not the type of mistake for which Rule 60(b) affords relief. Therefore, the motion is denied.

To the extent Plaintiff's motion for reconsideration (Doc. 6) seeks leave to amend his complaint, his motion fails to comply with Local Rule 15.1 because the proposed amended complaint is not attached to the motion. Moreover, the documents that are attached to the motion fail to indicate that Plaintiff is in imminent danger of serious physical harm. Therefore, Plaintiff's motion to amend is denied.

For the foregoing reasons, Plaintiff's motion for reconsideration (Doc. 6) and Plaintiff's request to proceed *in forma pauperis* on appeal (Doc. 9) are **DENIED**. Plaintiff shall tender the appellate filing and docketing fee of $455 to the Clerk of Court in this district, or he may reapply to the Seventh Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED.**

**DATED this 21st day of January, 2010.**

        **s/ Michael J. Reagan**
        **MICHAEL J. REAGAN**
        **United States District Judge**